08-5095-ag
Zhao v. Holder

BIA
Hom, IJ
A 090 347 497

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of December, two thousand nine.

PRESENT:
>       JON O. NEWMAN,
>       JOSEPH M. McLAUGHLIN,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges*.

_____

XIU LI ZHAO,
>       *Petitioner*,

>       v.                                        08-5095-ag
>                                                  NAC

ERIC H. HOLDER, JR.,[1] ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
>       *Respondent*.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**  *Pro Se.*

**FOR RESPONDENT:**  **Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior Litigation Counsel; Glen T. Jaeger, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Li Zhao, a native and citizen of China, seeks review of the September 18, 2008 order of the BIA affirming the November 20, 2007 decision of Immigration Judge ("IJ") Sandy Hom denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Li Zhao*, No. A 090 347 497 (B.I.A. Sept. 18, 2008), *aff'g* No. A 090 347 497 (Immig. Ct. N.Y. City Nov. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA "agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision," we review both the BIA's and IJ's opinions –

"or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

3

As a preliminary matter, although Zhao did not challenge the IJ's adverse credibility determination before the BIA, the BIA discussed that determination in its opinion. If the BIA addresses issues not raised by a petitioner, those issues may be considered exhausted and may be reviewed by this Court. *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994). Therefore, Zhao did not fail to exhaust her administrative remedies with respect to the IJ's adverse credibility determination.

In her brief, Zhao does not challenge the IJ's findings that: (1) her husband's testimony regarding his involvement with Zhao's pro-democracy group in China was inconsistent with his written statement; (2) her husband's demeanor was "quizzical" and that he was "constantly repeating the question that was asked of him;" (3) she was unable to describe the location of a demonstration she allegedly attended in New York City; (4) a witness she presented to testify to her pro-democracy activities in the United States offered inconsistent and contradictory testimony as to Zhao's membership in the China Freedom and Democracy Party; and (5) she did not mention her involvement with any political group in the United States in her asylum

4

application or the attached written statement.  While Zhao's *pro se* arguments are construed broadly, *see Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002), she fails to so much as mention any of these findings in her brief.  Thus, she has waived any challenge to these findings, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005), and they stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Zhao does challenge the IJ's finding that her oral testimony and written statement were inconsistent because she testified that she had been punched, kicked, and beaten with an electric baton but had not mentioned those details in her written statement.  Zhao argues that, on the contrary, her written statement "was indeed fairly detailed in describing what happened to her in the course of the detention."  However, this argument does not explain the omissions from her written statement, and the IJ was entitled to rely on them. Regardless, because Zhao fails to raise any challenge to the IJ's other credibility findings, they provide substantial evidence for the agency's adverse credibility determination.  *See* 8 U.S.C. § 1252(b)(4)(B);

5

*Xiu Xia Lin*, 534 F.3d at 167. Therefore, the IJ did not err in denying Zhao's application for asylum and withholding of removal because the only evidence that Zhao would be persecuted depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, Zhao did not challenge the IJ's denial of CAT relief before the BIA. We are thus without jurisdiction to consider any challenge to that denial of relief. 8 U.S.C. § 1252(d)(1). Regardless, Zhao does not raise her claim for CAT relief in her brief, and has therefore waived any challenge to the agency's denial of that claim. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____